# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GRETA L. BLACK, KIMBERLY, CORNETT, LINDA D. HILL, CAROL PANICK, JERREN SCRUGGS, and HAROLD MARK SHELTON<br><br>Plaintiffs,<br><br>v.<br><br>AWP, INC. d/b/a AREA WIDE PROTECTIVE, INC., U.S. TRAFFIC TECHNOLOGIES, INC., and BLUE POINT CAPITAL PARTNERS, LLC,<br><br>Defendants. | Civil Action No.:<br>1:11-cv-2263-CAP-AJB |

## DEFENDANT BLUE POINT CAPITAL PARTNERS, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT

Comes now Defendant Blue Point Capital Partners, LLC, ("Blue Point") and answers Plaintiffs' Complaint as follows:

### FIRST DEFENSE

Some or all of the Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Answering the numbered paragraphs of the Complaint, Blue Point states as follows:

## Jurisdiction and Venue

1. Answering Paragraph 1 of the Complaint, Blue Point admits only that this court has subject-matter jurisdiction over Plaintiffs' claims. All other allegations or implications contained in Paragraph 1 are denied.

2. Answering Paragraph 2 of the Complaint, Blue Point admits only that venue is proper in this Court with respect to AWP, Inc. Blue Point denies that this court has jurisdiction over it, or that venue is proper with respect to Blue Point. All other allegations or implications contained in Paragraph 2 are denied.

## The Parties

3. Paragraph 3 of the Complaint provides that the Plaintiffs submit to this Court's jurisdiction, and it requires neither admission nor denial.

4. Blue Point admits the allegations contained in Paragraph 4 of the Complaint.

5. Blue Point denies the allegations contained in Paragraph 5 of the Complaint.

6. Answering Paragraph 6 of the Complaint, Blue Point admits only that Blue Point Capital Partners, LLC, is a foreign corporation, with its principal place of business located at 127 Public Square, Suite 5100, Cleveland, Ohio; Blue Point may be served through its registered agent for service of process at National

Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904. Blue Point denies all other allegations or implications contained in Paragraph 6.

**Statement of Facts**

7. Answering Paragraph 7 of the Complaint, Blue Point admits only that Plaintiffs filed Charges of Discrimination with the Equal Employment Opportunity Commission, received right-to-sue letters, and have filed a Complaint. Blue Point denies all other allegations or implications contained in Paragraph 7.

8. Blue Point admits the allegations contained in Paragraph 8 of the Complaint.

9. Blue Point denies the allegations contained in Paragraph 9.

10. As for the allegations contained in Paragraph 10 of the Complaint, Blue Point admits only that AWP acquired U.S. Traffic Technologies in November 2009. Blue Point denies all other allegations or implications contained in Paragraph 10.

11. Blue Point admits the allegations contained in Paragraph 11 of the Complaint.

12. Blue Point lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint. Accordingly, those allegations are denied.

13. Blue Point lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint. Accordingly, those allegations are denied.

14. Blue Point lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint. Accordingly, those allegations are denied.

15. Blue Point lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint. Accordingly, those allegations are denied.

16. Blue Point lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint. Accordingly, those allegations are denied.

17. Blue Point lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint. Accordingly, those allegations are denied.

18. Blue Point lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint. Accordingly, those allegations are denied.

19. Blue Point denies the allegations contained in Paragraph 19 of the Complaint.

20. Blue Point denies the allegations contained in Paragraph 20 of the Complaint.

21. Blue Point denies the allegations contained in Paragraph 21 of the Complaint.

22. Blue Point lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint. Accordingly, those allegations are denied.

23. Blue Point denies the allegations contained in Paragraph 23 of the Complaint.

24. Blue Point denies the allegations contained in Paragraph 24 of the Complaint.

25. Blue Point lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint. Accordingly, those allegations are denied.

26. Blue Point lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint. Accordingly, those allegations are denied.

27. Blue Point lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint. Accordingly, those allegations are denied.

28. Blue Point lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint. Accordingly, those allegations are denied.

29. Blue Point denies the allegations contained in Paragraph 29 of the Complaint.

30. Blue Point lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint. Accordingly, those allegations are denied.

31. Blue Point lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint. Accordingly, those allegations are denied.

32. Blue Point lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint. Accordingly, those allegations are denied.

33. Blue Point lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

Accordingly, those allegations are denied.

34. Blue Point lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint. Accordingly, those allegations are denied.

35. Blue Point lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint. Accordingly, those allegations are denied.

36. Blue Point denies the allegations contained in Paragraph 36 of the Complaint.

## Count I: Discrimination On The Basis Of Sex

37. Answering Paragraph 37 of the Complaint, Blue Point incorporates the responses contained in Paragraphs 1 through 36 above as if fully set forth herein.

38. As for the allegations contained in Paragraph 38 of the Complaint, Blue Point admits only that it is a corporate entity engaged in an industry affecting commerce. Blue Point denies that it was the Plaintiffs' employer within the meaning of Title VII of Civil Rights Act of 1964, and it denies all other allegations or implications contained in Paragraph 38.

39. Blue Point admits the allegations contained in Paragraph 39 of the Complaint.

40. Blue Point denies the allegations contained in Paragraph 40 of the Complaint.

41. Blue Point denies the allegations contained in Paragraph 41 of the Complaint.

42. Blue Point denies the allegations contained in Paragraph 42 of the Complaint.

43. Blue Point denies the allegations contained in Paragraph 43 of the Complaint.

44. Blue Point denies the allegations contained in Paragraph 44 of the Complaint.

## Count II: Retaliation

45. Answering Paragraph 45 of the Complaint, Blue Point incorporates the responses contained in Paragraphs 1 through 44 above as if fully set forth herein.

46. Blue Point denies the allegations contained in Paragraph 46 of the Complaint.

47. Blue Point denies the allegations contained in Paragraph 47 of the Complaint.

## Count III: Negligent Retention

48. Answering Paragraph 48 of the Complaint, Blue Point incorporates the responses contained in Paragraphs 1 through 47 above as if fully set forth herein.

49. Blue Point denies the allegations contained in Paragraph 49 of the Complaint.

50. Blue Point denies the allegations contained in Paragraph 50 of the Complaint.

51. Blue Point denies the allegations contained in Paragraph 51 of the Complaint.

52. Blue Point denies the allegations contained in Paragraph 52 of the Complaint.

53. Blue Point denies the allegations contained in Paragraph 53 of the Complaint.

54. Blue Point denies the allegations contained in Paragraph 54 of the Complaint.

55. Blue Point denies the allegations contained in Paragraph 55 of the Complaint.

56. Paragraph 56 contains a demand for a jury trial that requires neither admission nor denial.

57. The remainder of the Complaint consists of a prayer for relief for damages that requires neither admission nor denial.  Blue Point expressly denies that Plaintiffs are entitled to any relief whatsoever on any of their claims and further denies that Plaintiffs have set forth viable claims for relief or that Blue Point is liable to Plaintiffs for damages on any of their claims.

58. Blue Point denies each allegation contained in the Complaint not expressly admitted herein.

### THIRD DEFENSE

The court lacks personal jurisdiction over Blue Point.

### FOURTH DEFENSE

Plaintiffs' Complaint fails to state a proper cause of action under Title VII of the Civil Rights Act of 1964 ("Title VII") against Blue Point because Blue Point was never an "employer" of the plaintiffs within the meaning of 42 U.S.C. § 2000e(b).

### FIFTH DEFENSE

To the extent Plaintiffs failed to exhaust the required administrative process or procedures, which are a jurisdictional prerequisite to maintenance of an action under Title VII, such claims are barred.

### SIXTH DEFENSE

To the extent Plaintiffs' Complaint was not filed within ninety (90) days of Plaintiffs receiving their respective Equal Employment Opportunity Commission's "Notice of Right to Sue," all Title VII claims arising out of the underlying charges are time barred.

### SEVENTH DEFENSE

At all times Blue Point attempted in good faith to comply with Title VII, and therefore, cannot be held liable for punitive damages thereunder.

### EIGHTH DEFENSE

Even if sex and/or retaliation were a factor in any alleged employment action, which they were not and which Blue Point expressly denies, the same decision would have been made without regard to such factors.

**NINTH DEFENSE**

To the extent Blue Point breached any duty owed to Plaintiffs, which it did not and which it expressly denies, such breach was not the cause of Plaintiffs' damages.

**TENTH DEFENSE**

To the extent Blue Point discovers during the course of this action that Plaintiffs engaged in any conduct which would have warranted discharge under any AWP company policy, Plaintiffs' right to recover damages beyond the date of such discovery will be cut off.

**ELEVENTH DEFENSE**

Upon information and belief, Plaintiffs failed to mitigate their damages.

**TWELFTH DEFENSE**

Because no discovery has yet occurred in this action, Blue Point reserves the right to assert further defenses as appropriate.

WHEREFORE, Blue Point prays that judgment be entered dismissing each and every Count of Plaintiffs' Complaint, discharging Blue Point, assessing Blue Point's costs and attorney's fees against Plaintiffs, and granting Blue Point such other and further relief to which it may be shown to be entitled.

Dated this 20th day of September 2011.

Respectfully Submitted,

s/ Glen R. Fagan
Glen R. Fagan
GA Bar No.  253944
gfagan@constangy.com
Timothy R. Newton
GA Bar No. 5422200
tnewton@constangy.com

**CONSTANGY, BROOKS & SMITH, LLP**
230 Peachtree Street, N.W.
Suite 2400
Atlanta, Georgia  30303-1557
(404) 525-8622
(404) 525-6955 (fax)

**Counsel for Defendant Blue Point Capital Partners, LLC.**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **GRETA L. BLACK, KIMBERLY, CORNETT, LINDA D. HILL, CAROL PANICK, JERREN SCRUGGS, and HAROLD MARK SHELTON** | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | **1:11-cv-2263-CAP-AJB** |
| v. | ) ) | |
| **Blue Point, INC. d/b/a AREA WIDE PROTECTIVE, INC., U.S. TRAFFIC TECHNOLOGIES, INC., and BLUE POINT CAPITAL PARTNERS, LLC,** | ) ) ) ) ) | **CERTIFICATE OF SERVICE** |
| **Defendants.** | ) ) | |

I hereby certify that on September 20, 2011, I electronically filed the foregoing Defendant Blue Point, Inc.'s Answer to Plaintiffs' Complaint using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney(s) of record for Plaintiffs:

Louis R. Cohan

                                        s/ Glen R. Fagan
                                        Glen R. Fagan
                                        gfagan@constangy.com

**CONSTANGY, BROOKS & SMITH, LLP**
230 Peachtree Street, N.W.
Suite 2400
Atlanta, Georgia  30303-1557
(404) 525-8622
(404) 525-6955 (fax)

**Counsel for Defendant Blue Point Capital Partners, LLC**